Sason I. Zacharia, Respondent, v. Samuel Schulman, Appellant, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Peck, P. J., Dore, Cohn and Callahan, JJ. [Order granted plaintiff's motion to vacate notice of examination, dated Sept. 19, 1952.]

■

Helen Schwartz, Respondent, v. Julius Schwartz, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Peck, P. J., Dore, Cohn and Callahan, JJ.

■

In the Matter of the Arbitration between Regal International, Ltd., et al., Respondents, and Sopic Corporation, Appellant.— Orders unanimously reversed, with $20 costs and disbursements to the appellant, and the motions denied. The record discloses that the contract containing an arbitration clause terminated when a new contract to pay $10,000 by means of the two notes sued on was made. Under the circumstances there was no basis to stay the action on said notes for the purpose of complying with an arbitration clause that no longer was in existence. The sales agreement was terminated and the arbitration agreement fell with it. Present — Peck, P. J., Dore, Cohn and Callahan, JJ.

■

Elizabeth M. Sher, Respondent, v. Centrotex, Ltd., Defendant. Zivnostenska Banka, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. The motion for examination of a witness in Czechoslovakia was not timely made as it would require a delay of the trial, the date of which had previously been set by stipulation of the parties. Present — Peck, P. J., Dore, Cohn and Callahan, JJ.

■

Helen Contessa, Respondent, v. Victor Contessa, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. This case is an excellent example of time misdevoted to the litigation of amounts of temporary alimony. The same time and energy devoted to bringing the case to trial and obtaining a definitive fixing of permanent alimony would serve the best interests of both parties. The order appealed from was entered early last spring, the motion was brought on as far back as a year ago, and so far as the record shows the case has not yet been noticed for trial. The fault lies with both parties. Present — Peck, P. J., Callahan, Van Voorhis and Breitel, JJ. [See 281 App. Div. 814.]